UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV** **4121**

| | |
|---|---|
| DB STRUCTURED PRODUCTS, INC. | Civ. No. |
| Plaintiff, | |
| -against- | |
| LANCASTER MORTGAGE BANKERS, LLC | **COMPLAINT** |
| Defendant. | |

RECEIVED
MAY 2 5 2007

Plaintiff DB Structured Products, Inc. ("DBSP" or "Plaintiff"), by its attorneys, Thacher Proffitt & Wood LLP, for its complaint against defendant Lancaster Mortgage Bankers, LLC ("Defendant") (Plaintiff and Defendant, collectively, the "Parties") alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over all claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

2.  Venue is proper pursuant to 28 U.S.C. § 1391(a).

## THE PARTIES

3.  Plaintiff DBSP is a corporation organized and existing under the laws of the State of Delaware. DBSP maintains its principal place of business at 60 Wall Street, New York, New York.

4.  Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business at 20 Independence Blvd., Warren, NJ.

## FACTUAL ALLEGATIONS

**The Seller Loan Purchase Agreement**

5.      On or about March 24, 2006, DBSP and Defendant entered into a Seller Loan Purchase Agreement (the "Purchase Agreement"). A copy of the Purchase Agreement is attached hereto as Exhibit 1. Exhibit 1 is hereby incorporated herein as if fully sent forth.

6.      As set forth in Section 13 of the Purchase Agreement, the Parties agreed that the Purchase Agreement "shall be governed by, and construed and enforced in accordance with, the laws of the State of New York in effect at the time of execution hereof and applicable to agreements executed and performed in New York, without giving effect to conflict of laws principles thereof."

7.      As set forth in Section 13 of the Purchase Agreement, Defendant consented to DBSP bringing any action relating to the Purchase Agreement in the United States District Court for the Southern District of New York and consented to the jurisdiction of this Court.

8.      In connection with individual transactions between the Parties pursuant to the Purchase Agreement, DBSP and Defendant also entered into letter agreements, including, but not limited to, those dated March 13, 2006 and June 21, 2006 (collectively, the "Letter Agreements", and together with the Purchase Agreement, the "Agreements").

9.      The Letter Agreements state that they "shall be governed in accordance with the laws of the state of New York, without regard to conflict of laws rules."

**Defendant's Failure to Repurchase**
**Loans With Early Payment Defaults From DBSP**

10.      Pursuant to the Agreements, Defendant from time to time offered to sell and DBSP agreed to purchase certain mortgage loans ("Mortgage Loans") in accordance with the

terms of the Agreements and the Deutsche Bank Correspondent Lending Seller Guide (the "Seller Guide").

11.    Pursuant to Section 9 of the Purchase Agreement, Section 2(c) of the Letter Agreements and Volume 1 of the Seller Guide, Defendant agreed to repurchase any Mortgage Loan in early payment default, as described in the Agreements and the Seller Guide.

12.    Pursuant to the Agreements and the Seller Guide, DBSP may, in its sole discretion, determine that a Mortgage Loan is in early payment default and thus subject to the repurchase obligation.

13.    Certain of the Mortgage Loans experienced early payment or early delinquency defaults, as described in the Letter Agreements and the Seller Guide (hereinafter, such Mortgage Loans shall be collectively referred to as "Early Payment Default Loans"). Attached as Exhibit 2 is a schedule of the Early Payment Default Loans, which is hereby incorporated herein as if fully set forth.

14.    Accordingly, pursuant to Section 9 of the Purchase Agreement, Section 2(c) of the Letter Agreements and Volume 1 of the Seller Guide, Defendant is obligated to remit to DBSP the Repurchase Price (as defined in the Letter Agreements and the Seller Guide) with respect to each Early Payment Default Loan.

15.    On January 11, 2007, DBSP issued a demand to Defendant to repurchase the Early Payment Default Loans on or before January 19, 2007. Attached as Exhibit 3 is a copy of the January 11, 2007 demand from DBSP to Defendant.

16.    On April 26, 2007, DBSP issued a second demand to Defendant to repurchase the Early Payment Default Loans on or before May 10, 2007 (together with the January 11, 2007

3

demand, collectively, the "Demand Letters"). Attached as Exhibit 4 is a copy of the April 26, 2007 demand from DBSP to Defendant.

17.    In addition, prior to DBSP's issuance of the Demand Letters, DBSP also notified Defendant via one or more emails and/or other communications that certain Mortgage Loans, including the Early Payment Default Loans, were in early payment default status. In addition to the Demand Letters, these email notifications separately triggered Defendant's obligations to repurchase such Early Payment Default Loans, pursuant to the Agreements and the Seller Guide.

18.    To date, Defendant has failed to repurchase the Early Payment Default Loans, or otherwise compensate DBSP, notwithstanding its clear contractual obligation to do so.

19.    The aggregate Repurchase Price for the Early Payment Default Loans, excluding attorneys' fees and other costs and expenses, exceeds $14.1 million.

20.    DBSP has performed all of its obligations under the Agreements and the Seller Guide.

21.    As a result of Defendant's failure to repurchase the Early Payment Default Loans, DBSP is required to maintain possession and maintenance of the Early Payment Default Loans, and may be exposed to any claims or losses that might be sustained by reason of ownership of each such loan. Moreover, because the Early Payment Default Loans are in default, DBSP is unable to include certain of Early Payment Default Loans in securitizations or other packages, a specific purpose, known to Defendant, for which DBSP purchased the Early Payment Default Loans.    Accordingly, DBSP's harm is not solely monetary and cannot be adequately compensated by damages.

4

**Defendant's Failure to Reimburse DBSP**
**For The Premium Recapture Loans**

22.    Pursuant to the Letter Agreements and the Seller Guide, Defendant agreed that for Mortgage Loans that prepay-in-full, the Defendant would reimburse DBSP according to the terms of the Letter Agreements and the Seller Guide.

23.    Certain of the Mortgage Loans were prepaid in full (hereafter these loans are collectively referred to as the "Premium Recapture Loans"). Attached as Exhibit 4 is a schedule of Premium Recapture Loans, which is hereby incorporated herein as if fully set forth.

24.    Accordingly, pursuant to the Letter Agreements and the Seller Guide, Defendant is obligated to reimburse DBSP in accordance with the terms of the Letter Agreements and the Seller Guide.

25.    On April 26, 2007, DBSP issued a written demand to Defendant to reimburse DBSP for the Premium Recapture Loans on or before May 10, 2007, which demand is attached as Exhibit 3.

26.    To date, Defendant has failed to reimburse DBSP for the Premium Recapture Loans, notwithstanding its clear contractual obligation to do so.

27.    The aggregate reimbursement due for the Premium Recapture Loans, excluding attorneys' fees and other costs and expenses, exceeds $10,600.00.

**Indemnification**

28.    Pursuant to Section 5 of the Purchase Agreement, Defendant agreed to indemnify, defend and forever hold harmless DBSP, from and against any and all liabilities, loss, injury or damages, judgments, claims, demands, actions or proceedings, together with all reasonable costs and expenses relating thereto (including but not limited to attorneys' fees) by whomever

5

asserted, relating to Defendant's breach of a representation, warranty, covenant, agreement or obligation of Defendant under the Purchase Agreement.

29.    Pursuant to the Seller Guide, Defendant agreed to indemnify and hold harmless DBSP from all losses, damages, penalties fines, forfeitures, court costs and attorneys' fees, judgments, and any other costs, fees and expenses resulting from any breach of any warranty, obligation or representation under the Purchase Agreement.

30.    Defendant has breached the representations and warranties in the Purchase Agreement and in the Seller Guide that Defendant would: 1) repurchase the Early Payment Default Loans from DBSP; and 2) reimburse DBSP for the Premium Recapture Loans.  As a result, Defendant owes DBSP indemnification for all losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments and any other costs, fees and expenses that DBSP may sustain.

31.    Pursuant to the Purchase Agreement and the Seller Guide, Defendant agreed that it will indemnify DBSP and hold it harmless against all court costs, attorneys' fees and any other costs, fees and expenses incurred by DBSP in enforcing the Purchase Agreement.

32.    Defendant's indemnification obligations survive the Purchase Date, the termination of the Purchase Agreement and the disqualification or suspension of Defendant.

33.    Defendant's indemnification obligations expressly include the legal fees and related costs and any other costs, fees and expenses DBSP may sustain in connection with Defendant's failure to observe and perform its obligations to repurchase the Early Payment Default Loans and reimburse DBSP for the Premium Recapture Loans, including but not limited to, the attorneys' fees and other expenses incurred by DBSP in this action.

6

## FIRST CLAIM FOR RELIEF
### (Breach of Contract - Agreements)

34.      Plaintiff DBSP realleges paragraphs 1 through 33 of this complaint as if fully set forth herein.

35.      Under the Agreements and the Seller Guide, Defendant agreed to repurchase the Early Payment Default Loans from DBSP.

36.      Pursuant to the Agreements, Defendant agreed to reimburse DBSP for the Premium Recapture Loans.

37.      DBSP has demanded that Defendant repurchase the Early Payment Default Loans and reimburse DBSP for the Premium Recapture Loans.

38.      Defendant has refused and failed to repurchase the Early Payment Default Loans and to reimburse DBSP for the Premium Recapture Loans.

39.      As a direct, proximate and actual result of Defendant's breach of its obligations to repurchase the Early Payment Default Loans and reimburse DBSP for the Premium Recapture Loans, DBSP has suffered damages in an amount to be determined at trial, but which is not less than $14.1 million as of April 10, 2007 plus interest.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

40.      Plaintiff DBSP realleges paragraphs 1 through 39 of this complaint as if fully set forth herein.

41.      In consideration of the sale of the Early Payment Default Loans and the Premium Recapture Loans by Defendant to DBSP, Defendant received payment from DBSP.

42.      Defendant has wrongfully refused to repurchase the Early Payment Default Loans, causing DBSP to lose the use of those moneys due and owing, and requiring DBSP to

7

incur attorneys' fees to recover these costs due under the Agreements. It would be unjust and inequitable to allow Defendant to benefit in this manner.

43.     Defendant has wrongfully refused to reimburse DBSP for the Premium Recapture Loans, causing DBSP to lose the use of those moneys due and owing, and requiring DBSP to incur attorneys' fees to recover these costs due under the Agreements. It would be unjust and inequitable to allow Defendant to benefit in this manner.

44.     By reason of the foregoing, Defendant has been unjustly enriched at the expense of DBSP, and DBSP has suffered damages in an amount to be established at trial.

## THIRD CLAIM FOR RELIEF
### (Indemnification for Legal Fees And Related Costs)

45.     Plaintiff DBSP realleges paragraphs 1 through 44 of this complaint as if fully set forth herein.

46.     Pursuant to Section 5 of the Purchase Agreement and the indemnification provisions in the Seller Guide, Defendant agreed to indemnify DBSP for any and all claims, losses, damages, penalties, fines, forfeitures, legal fees and related costs, judgments, and any other costs, fees and expenses that DBSP may sustain that are in any way related to Defendant's breach of Defendant's representations, warranties, covenants, agreements or obligations under the Purchase Agreement and the Seller Guide.

47.     Defendant has breached its representations and warranties and failed to observe its obligations, causing DBSP to suffer the damages for which Defendant owes indemnity.

48.     Defendant is therefore liable to DBSP for all of DBSP's legal fees and related costs, and all other costs, fees and expenses that DBSP has incurred, is incurring and will incur in connection with Defendant's failure to observe and perform its obligations to repurchase the Early Payment Default Loans and to reimburse DBSP for the Premium Recapture Loans.

## FOURTH CLAIM FOR RELIEF
### (Specific Performance)

49.     Plaintiff DBSP realleges paragraphs 1 through 48 of this complaint as if fully set forth herein.

50.     The Agreements and Seller Guide are valid, enforceable contracts between Defendant and DBSP.

51.     Under the terms of the Agreements and Seller Guide, DBSP and Defendant made several valid and enforceable mutual agreements.

52.     DBSP substantially performed its obligations under the Agreements and Seller Guide by, *inter alia,* purchasing Mortgage Loans from Defendant pursuant to the terms and provisions of the Agreements and the Seller Guide.

53.     DBSP is willing and able to perform its obligations under the Agreements and Seller Guide by, including, but not limited to, delivering repurchased loans to Defendant.

54.     Upon information and belief, Defendant is able to continue to perform under the Agreements and Seller Guide by, including but not limited to, repurchasing the Early Payment Default Loans and reimbursing DBSP for the Premium Recapture Loans.

55.     DBSP has suffered harm resulting from Defendant's refusal to repurchase the Early Payment Default Loans for which there is no adequate remedy at law.

56.     DBSP has demanded, and is entitled to, specific performance of Defendant's repurchase obligations under the Agreements and Seller Guide.

57.     As a result of the foregoing breaches, pursuant to the Agreements and Seller Guide, Defendant is obligated to pay DBSP an amount to be determined at trial, but which is not less than $14.1 million as of April 10, 2007, plus interest.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff DBSP respectfully requests judgment against Defendant awarding DBSP:

A.     Damages in an amount to be determined at trial but not less than $14.1 million;

B.     Specific performance of the Agreements and Seller Guide;

C.     Attorneys' fees and related costs, and all other costs, fees and expenses that DBSP has incurred, is incurring and will incur in this action in connection with Defendant's failure to observe and perform its obligations under the Agreements and Seller Guide; and

D.     Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 25, 2007

THACHER PROFFITT & WOOD LLP

By: _John P. Doherty_ _____

John P. Doherty (JD-3275)
Richard F. Hans (RH-0110)
Kerry Ford Cunningham (KF-1818)
Brendan E. Zahner (BZ-8645)
Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for DB Structured Products, Inc.*

# EXHIBIT 1

## Seller Loan Purchase Agreement

THIS SELLER LOAN PURCHASE AGREEMENT ("*Agreement*") is made and entered into as of the 7th day of March 200 6 by and between _LANCASTER Mortgage Bankers_ ("*Seller*"), a(n) _LLC_ duly organized under the laws of _New Jersey_, having an address at _30 Two Bridges Road, Suite 130, Fairfield, New Jersey 07081_ and DB STRUCTURED PRODUCTS, INC. ("DBSP"), a corporation duly organized under the laws of the State of Delaware, the principal business address of which is 60 Wall Street, New York, New York 10005, for mutual considerations set forth herein.

### RECITALS:

Seller engages in the business of making loans to individuals evidenced by promissory notes payable to Seller and secured by first or second mortgages on residential real property; and

Seller desires to sell to DBSP, and DBSP desires to purchase from Seller, from time to time, certain of these loans on the terms and conditions set forth herein and in the Deutsche Bank Correspondent Lending Seller Guide, as amended supplemented or otherwise modified from time to time (the "*Seller Guide*").

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements herein referenced or contained in the Seller Guide, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending to be legally bound thereby, agree as follows:

1.  **SELLER GUIDE.** DBSP has provided to Seller the Seller Guide. SELLER ACKNOWLEDGES THAT IT HAS RECEIVED AND READ THE SELLER GUIDE PRIOR TO ENTERING INTO THIS AGREEMENT. Seller and DBSP agree to comply with and be bound by all terms of the Seller Guide. All of the terms and conditions of the Seller Guide are incorporated herein by reference and made a part of the Agreement.

2.  **DEFINITIONS.** Capitalized terms in this Agreement not otherwise defined herein are defined in Volume 1 of the Seller Guide.

3.  **PURCHASE AND SALE OF MORTGAGE LOANS.** Seller may from time to time offer Loans for sale to DBSP and DBSP may, from time to time, in its absolute discretion, purchase such Loans from Seller, on the terms and conditions set forth in the Seller Guide, in the applicable Commitment, and in this Agreement.

4.  **REPRESENTATIONS AND WARRANTIES.** Seller reaffirms that all of Seller's representations and warranties set forth in the Seller Guide, including without limitation those set forth in Volume 1 of the Seller Guide, are true and correct. Each of the Seller's representations and warranties: (a) applies to any and all Loans sold to DBSP; (b) shall be deemed to have been relied upon by DBSP regardless of any independent investigation now, heretofore, or hereafter made by DBSP, its officers, directors, employees or agents and regardless of any opportunity for such investigation or review; (c) is for the benefit of DBSP and each of its successors and assigns; (d) shall survive the termination of this Agreement and continue in full force and effect for so long as the Note remains outstanding and for such time as DBSP is subject to any risk of loss or liability as to any Loan purchased from Seller hereunder; and (e) is in addition to any other specific warranties contained elsewhere herein. Seller agrees that its representations and warranties and DBSP's rights to indemnification and to repurchase or payment of Loss apply to all Loans purchased by DBSP hereunder notwithstanding that any Loan was originated by or through any third party originator, including, but not limited to, a mortgage broker or correspondent lender. Seller will not assert the fact that a Loan was originated by a third party originator as a defense to any claim or request by DBSP for indemnification or repurchase or payment of Loss.

5.  **INDEMNIFICATION.** Seller hereby agrees that it will indemnify, defend and forever hold harmless DBSP, its affiliates and parent corporation, and its successors and assigns, and each of its and their respective officers, directors, employees and agents, from and against any and all liabilities, loss, injury or damages, including but not limited to incidental and consequential damages, judgments, damages, claims, demands, actions or proceedings, together with all reasonable costs and expenses relating thereto (including but not limited to legal and accounting fees and expenses), by whomsoever asserted, including but not limited to the claims of: (a) the Borrower with respect to any Loan purchased hereunder; and (b) any person or persons who prosecute or defend any actions or proceedings as representatives of or on behalf of any class or interest group, or any governmental instrumentality, body, agency,

department or commission, or any administrative body or agency having jurisdiction pursuant to any applicable statute, rule, regulation, order or decree; or the settlement or compromise of any of the foregoing, arising out of, resulting from or relating to: (i) any breach of any one or more of the representations, warranties, covenants, agreements or other obligations of Seller, irrespective of the ownership of Loans prior to the sale of Loans to DBSP hereunder and including, without limitation, any loss arising from Seller's failure to properly and timely file and record all Security Instruments in all necessary jurisdictions or (ii) any suit, claim, action, proceeding or investigation pending or threatened against DBSP or Seller or affecting any Loan asserting a claim based upon facts that, if proven, would constitute a breach of Seller's representations, warranties, covenants, agreements or obligations and regardless of whether the matter is ultimately successfully concluded.

6.  **TERMINATION.** This Agreement may be terminated at any time by either DBSP or Seller by giving the other party hereto ninety (90) days prior written notice. In the event of Seller's breach of this Agreement, the Seller Guide or any other agreement between DBSP and Seller, or upon the occurrence of an Event of Seller Default as defined in Volume 1 of the Seller Guide, DBSP may immediately, upon notice to Seller via certified mail, terminate this Agreement. Upon the effective date of termination, neither of the parties shall have any further liabilities or obligations to the other party except that such termination shall not affect any liabilities and obligations of either party under sections 5, 7 and 9 or which otherwise relate to Loans transferred by Seller to DBSP prior to the effective date of termination.

7.  **CONFIDENTIALITY.** The parties shall observe the confidentiality requirements set forth in Volume 1 of the Seller Guide. Without limiting the foregoing sentence, Seller shall agree to use the Confidential Information solely for the purpose of this Agreement, will not use the Confidential Information for any other purpose, and will not disclose or communicate the Confidential Information in any manner whatsoever, directly or indirectly, to any third party without the prior written consent of DBSP.

8.  **RELATIONSHIP OF PARTIES.** Seller is not and shall not represent to third parties that it is acting as an agent for or on behalf of DBSP. Seller at all times shall act as an independent contractor.

9.  **REPURCHASE** Seller agrees to repurchase any Loan subject to this Agreement in accordance with the terms and conditions set forth in Volume 1 of the Seller Guide.

10. **INTEGRATION.** This Agreement, including the Seller Guide and all other documents incorporated by reference herein, constitute the full and integrated agreement of the parties hereto with respect to the subject matter hereof and the transactions contemplated hereby, and supersedes any and all prior negotiations, commitments, agreements, statements (whether oral or written) and writings made with respect thereto.

11. **MODIFICATION.** Except for automatic amendments resulting from revisions by DBSP to the Seller Guide, this Agreement may not be amended, varied or altered, nor its provisions waived, except by written agreement of the parties hereto.

12. **ASSIGNMENT.** DBSP has entered into this Agreement with Seller in reliance on the specific qualification of Seller; therefore, Seller may not assign or delegate this Agreement or any of its rights or obligations hereunder, whether by operation of law or otherwise, without prior written consent of DBSP.

13. **GOVERNING LAW.** This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York in effect at the time of execution hereof and applicable to agreements executed and performed in New York, without giving effect to the conflict of laws principles thereof. Any suit, action, or proceeding against Seller with respect to this Agreement may be brought in a court of competent jurisdiction in the County of New York, New York or in the United States District Court for the Southern District of New York, as DBSP in its sole discretion may elect, and Seller

-1-

[
[TPW: NYLEGAL:202772.3] 17988-00177  03/26/2004 1:09 PM

consents to the jurisdiction of such courts for the purpose of any such suit, action, or proceeding.

14.   BINDING EFFECT.   This Agreement shall be binding upon and inure to the benefit of the parties hereto and each of their respective successors and permitted assigns.

15.   CHANGE OF CIRCUMSTANCES.   DBSP may refuse to purchase any Loan, notwithstanding that DBSP has issued a Commitment with respect to such Loan, if any regulatory agency having jurisdiction over DBSP has determined that such purchase would be unsafe or unsound.

16.   SEVERABILITY.   If any provision or part of this Agreement is deemed invalid or unenforceable under applicable law, the remainder of this Agreement shall not be affected thereby, and shall be fully enforceable to the extent of the valid portions thereof.

17.   WAIVERS.   All rights and remedies under this Agreement shall be cumulative and concurrent, and not in the alternative. No delay on the part of DBSP in exercising any right, power or remedy shall operate as a waiver thereof, nor shall any waiver of any right, power or remedy hereunder constitute a waiver of any other rights, powers or remedies hereunder. The acceptance by DBSP of any Loan which could have been rejected shall not constitute a waiver with respect to any other Loan, or with respect to any defect or default under that Loan which is not expressly waived in writing by DBSP.

18.   NOT A COMMITMENT.   Nothing contained herein shall be deemed or construed to be a commitment from DBSP to purchase any Loans from Seller, or a commitment from Seller to offer any Loans for sale to DBSP.

19.   HEADINGS.   All article and section headings in this Agreement are inserted for convenience of reference only; they neither form a part of this Agreement nor are to be used in the construction or interpretation hereof.

20.   NOTICES.   Except as otherwise provided herein, all notices, requests, demands or other communications which are to be given under this Agreement

shall be in writing, addressed to the appropriate party and sent via certified United States mail, return receipt requested, or by overnight delivery service to the address set forth in the introductory paragraph to this Agreement, unless another name or address is later substituted.

21.   WAIVER OF JURY TRIAL.   SELLER AND DBSP HEREBY AGREE TO WAIVE THEIR RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS AGREEMENT. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING, WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. SELLER AND DBSP ACKNOWLEDGE THAT THIS WAIVER IS A MATERIAL INDUCEMENT FOR EACH SUCH PARTY TO ENTER INTO A BUSINESS RELATIONSHIP AND THAT SELLER AND DBSP HAVE ALREADY RELIED ON THE WAIVER IN THEIR RELATED FUTURE DEALINGS WITH EACH OTHER. SELLER AND DBSP FURTHER WARRANT AND REPRESENT THAT EACH HAS REVIEWED THIS WAIVER WITH ITS LEGAL COUNSEL, AND THAT EACH KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. THIS WAIVER IS IRREVOCABLE, MEANING THAT IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS TO THIS AGREEMENT. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Agreement as of the day and year first above written.

SELLER: LANCASTER MORTGAGE BANKERS LLC

By: _____
Signature

Typed Name: ELLIOT S. SALOMON

Title: PRESIDENT

DB STRUCTURED PRODUCTS, INC.

By: _____
Signature

MARGOTH PILLA
MANAGING DIRECTOR

Title

By: _____
Signature

MICHAEL SCHOFFELEN
AUTHORIZED SIGNATORY

Title

-2-

## AMENDMENT TO SELLER LOAN PURCHASE AGREEMENT

THIS AMENDMENT TO SELLER LOAN PURCHASE AGREEMENT ("Amendment") is made and entered as of the ~~24th~~ day of _MArch_____, 2006 by and between Lancaster Mortgage Bankers, LLC ("Seller"), and **DB Structured Products, Inc.** ("DBSP"), and amends, supplements and is incorporated into the Seller Loan Purchase Agreement between DBSP and Seller dated as of _MArch  24_, 2006 and any amendments thereto (the "Seller Agreement").

Based on the mutual covenants contained herein, the parties agree as follows:

**I.     SELLER GUIDE.**     Section 1 of the Seller Agreement is hereby amended by inserting the following sentence at the end thereto:

"Notwithstanding anything to the contrary in the Seller Guide, DBSP shall provide five (5) Business Days notice to the Seller before exercising any rights of set-off

**II.     RATIFICATION.**     Seller and DBSP ratify and confirm the terms and provisions of the Seller Agreement and the Seller Guide, which terms shall remain in full force and effect except as amended and/or supplemented herein. To the extent of any inconsistency between this Amendment and the Seller Agreement, the terms of this Amendment shall prevail.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Amendment as of the day and year first above written.

| LANCASTER MORTGAGE BANKERS, LLC | DB STRUCTURED PRODUCTS, INC. |
|---|---|
| By: _____ <br> Name: Elliot S. Salzman <br> Title: President | By: _____ <br> Name: MARGOTH PILLA <br> Title: MANAGING DIRECTOR <br><br> By: _____ <br> Name: MICHAEL SCHOFFELEN <br> Title: AUTHORIZED SIGNATORY |

# EXHIBIT 2

**EXHIBIT A: Lancaster Repurchase Demand**

| | |
|---|---|
| Repurchase Demand To: | 4/10/2007 |
| UPB: | 13,041,488.54 |
| Interest: | 730,059.78 |
| Purchase Premium: | 322,567.26 |
| Repurchase Proceeds: | 14,094,135.57 |
| Premium Recapture on PIF | 10,613.41 |
| | 14,104,748.98 |

Per Diem Based upon Current Values   3,095.26

| LMSID | Wells # | SellerLoanID | UPB | Settle Date | Next Due Date | Paid To Date | Price | Premium | Int Rate | Per Diem | Days | Interest | Repurchase Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | (does not include corp or escrow advances which will be due to servicer at transfer back to seller) | | | | | | | |
| 111902796 | 60009826 | 150011560 | 43,982.00 | 03/30/06 | 05/01/06 | 04/01/06 | 96.929% | (1,350.69) | 10.5 | 12.83 | 369 | 4,733.56 | 47,364.88 |
| 112555556 | 1156047298 | 302596724 | 130,538.56 | 07/12/06 | 09/01/06 | 08/01/06 | 102.063% | 2,692.36 | 9.875 | 35.81 | 249 | 8,916.06 | 142,146.97 |
| 112555540 | 1156047329 | 302606634 | 340,000.00 | 07/12/06 | 08/01/06 | 07/01/06 | 102.063% | 7,012.60 | 7.5 | 70.83 | 279 | 19,762.50 | 366,775.60 |
| 112555511 | 1156047284 | 302457696 | 573,750.00 | 07/12/06 | 03/01/07 | 02/01/07 | 102.063% | 11,833.69 | 7.25 | 115.55 | 69 | 7,972.73 | 593,556.33 |
| 111787061 | 1156044030 | 150012473 | 292,489.35 | 03/27/06 | 06/01/06 | 05/01/06 | 103.190% | 9,330.41 | 6.63 | 53.87 | 339 | 18,260.84 | 320,080.60 |
| 112555503 | 369316210 | 302616171 | 176,249.00 | 07/12/06 | 03/01/07 | 02/01/07 | 102.063% | 3,635.14 | 6.875 | 33.66 | 69 | 2,322.45 | 182,206.58 |
| 112662127 | 1156050050 | 302622357 | 162,684.47 | 09/13/06 | 03/01/07 | 02/01/07 | 102.295% | 3,737.82 | 7 | 31.61 | 69 | 2,181.34 | 168,603.63 |
| 113302591 | 1156050986 | 302846990 | 123,375.23 | 09/28/06 | 01/01/07 | 12/01/06 | 102.405% | 3,111.47 | 7.625 | 27.40 | 129 | 3,534.91 | 136,021.61 |
| 112555505 | 1156047303 | 302591961 | 216,376.83 | 07/12/06 | 02/01/07 | 01/01/07 | 102.063% | 4,462.77 | 7.625 | 45.83 | 69 | 3,162.26 | 224,001.86 |
| 113302585 | 1156059933 | 302720770 | 358,947.78 | 09/28/06 | 02/01/07 | 01/01/07 | 102.405% | 8,632.69 | 7.625 | 76.03 | 99 | 7,526.69 | 375,107.16 |
| 111787668 | 1156044366 | 150013241 | 98,000.00 | 03/27/06 | 05/01/06 | 04/01/06 | 103.190% | 3,126.20 | 7.63 | 20.77 | 369 | 7,664.34 | 108,790.54 |
| 113075666 | 359337403 | 302671066 | 338,863.00 | 09/13/06 | 03/01/07 | 02/01/07 | 102.299% | 7,790.46 | 7.75 | 72.95 | 69 | 5,033.53 | 351,686.99 |
| 113075687 | 359337356 | 302855640 | 360,000.00 | 09/13/06 | 10/01/06 | 09/01/06 | 102.299% | 8,276.40 | 7.75 | 77.50 | 219 | 16,972.50 | 385,248.90 |
| 113991602 | 359399198 | 303217454 | 249,200.00 | 12/11/06 | 03/01/07 | 02/01/07 | 102.055% | 5,123.55 | 7.75 | 53.65 | 69 | 3,701.66 | 258,025.21 |
| 111787573 | 1156043263 | 150012670 | 320,000.00 | 03/27/06 | 08/01/06 | 07/01/06 | 103.190% | 10,208.00 | 7.75 | 68.89 | 279 | 19,220.00 | 349,428.00 |
| 113073970 | 1156050866 | 302700494 | 395,500.00 | 09/13/06 | 03/01/07 | 02/01/07 | 102.187% | 8,649.59 | 7.75 | 85.14 | 69 | 5,874.82 | 410,024.41 |
| 113991607 | 359399189 | 303256609 | 243,761.00 | 12/11/06 | 03/01/07 | 02/01/07 | 102.055% | 5,012.14 | 7.875 | 53.33 | 69 | 3,679.57 | 252,472.71 |
| 113073948 | 1156050876 | 302443959 | 321,750.00 | 09/13/06 | 03/01/07 | 02/01/07 | 102.187% | 7,036.67 | 7.875 | 70.38 | 69 | 4,856.41 | 333,643.09 |
| 113075689 | 359392360 | 302322319 | 540,000.00 | 09/13/06 | 10/01/06 | 09/01/06 | 102.299% | 12,414.60 | 8 | 120.00 | 219 | 26,280.00 | 578,694.60 |
| 113991610 | 359399187 | 303277762 | 482,365.96 | 12/11/06 | 02/01/07 | 01/01/07 | 102.055% | 9,917.44 | 8.125 | 108.87 | 99 | 10,777.86 | 503,061.27 |
| 113173901 | 1156042596 | 160011268 | 263,200.00 | 03/27/06 | 02/01/07 | 01/01/07 | 103.190% | 8,396.08 | 8.25 | 60.32 | 359 | 21,685.35 | 293,281.43 |
| 113173990 | 1156059520 | 160012977 | 271,399.02 | 03/27/06 | 02/01/07 | 01/01/07 | 102.187% | 5,933.31 | 8.25 | 62.17 | 99 | 6,185.35 | 283,381.43 |
| 113073975 | 1156059621 | 303212067 | 244,873.72 | 09/13/06 | 11/01/06 | 10/01/06 | 102.187% | 5,355.39 | 8.375 | 56.97 | 189 | 10,766.79 | 260,995.90 |
| 113991604 | 359399191 | 303232229 | 78,000.00 | 12/11/06 | 06/01/06 | 05/01/06 | 102.055% | 1,603.68 | 8.5 | 18.42 | 129 | 2,375.75 | 81,979.43 |
| 113991691 | 1156043134 | 160011219 | 401,250.00 | 03/27/06 | 05/01/06 | 04/01/06 | 103.190% | 12,799.88 | 8.5 | 94.74 | 339 | 32,116.72 | 446,166.59 |
| 111787724 | 1156042616 | 150009385 | 213,750.00 | 03/27/06 | 05/01/06 | 04/01/06 | 103.190% | 6,818.63 | 8.626 | 51.21 | 429 | 21,969.49 | 242,537.72 |
| 111787732 | 1156043177 | 150012971 | 70,500.00 | 03/27/06 | 07/01/06 | 06/01/06 | 103.190% | 2,248.95 | 8.63 | 16.90 | 309 | 5,222.23 | 77,971.18 |
| 111787723 | 1156043202 | 160011198 | 492,000.00 | 03/27/06 | 02/01/07 | 01/01/07 | 103.190% | 15,694.80 | 8.63 | 117.94 | 369 | 43,521.09 | 551,215.69 |
| 111802361 | 359337376 | 302658701 | 470,857.00 | 09/13/06 | 07/01/06 | 06/01/06 | 102.299% | 10,820.40 | 8.875 | 116.03 | 99 | 11,465.97 | 492,964.38 |
| 113076075 | 1156044232 | 160043513 | 141,859.25 | 03/27/06 | 06/01/06 | 05/01/06 | 103.190% | 4,525.31 | 8.875 | 34.97 | 309 | 34,813.96 | 505,406.31 |
| 111787707 | 1156043277 | 160030219 | 457,013.61 | 03/27/06 | 07/01/06 | 06/01/06 | 103.190% | 14,578.73 | 8.875 | 112.67 | 309 | 34,813.96 | 506,406.31 |
| 111787597 | 1156044579 | 150010953 | 481,262.01 | 03/27/06 | 07/01/06 | 06/01/06 | 103.190% | 15,351.94 | 8.875 | 118.64 | 309 | 36,660.37 | 533,264.32 |
| 111787596 | 1156043143 | 160011556 | 176,000.00 | 03/27/06 | 04/01/06 | 03/01/06 | 103.190% | 5,614.40 | 9 | 44.00 | 399 | 17,556.00 | 199,170.40 |
| 111787572 | 1156042916 | 160012916 | 224,000.00 | 03/27/06 | 03/01/07 | 02/01/07 | 102.405% | 7,145.60 | 9 | 56.00 | 369 | 20,664.00 | 285,771.29 |
| 111787731 | 1156059936 | 302684499 | 274,437.04 | 09/28/06 | 03/01/06 | 02/01/06 | 102.405% | 6,600.21 | 9 | 68.61 | 69 | 4,734.04 | 320,146.79 |
| 113302605 | 1156043650 | 160012716 | 290,500.00 | 03/27/06 | 05/01/06 | 04/01/06 | 103.190% | 9,266.95 | 9.125 | 73.63 | 399 | 29,379.84 | 333,506.90 |
| 111787671 | 1156044039 | 160042660 | 296,000.00 | 03/27/06 | 04/01/06 | 03/01/06 | 103.190% | 9,442.40 | 9.25 | 76.06 | 369 | 28,064.50 | 531,300.54 |
| 111787619 | 369399200 | 160012873 | 503,594.85 | 03/27/06 | 12/01/06 | 11/01/06 | 102.187% | 11,013.62 | 9.25 | 129.40 | 129 | 16,692.07 | 334,087.81 |
| 113991616 | 1156059902 | 303301603 | 316,800.00 | 12/11/06 | 05/01/06 | 04/01/06 | 102.055% | 6,513.41 | 9.5 | 83.60 | 129 | 10,784.40 | 254,516.65 |
| 111787621 | 1156043216 | 160011607 | 238,771.65 | 03/27/06 | 02/01/07 | 01/01/07 | 103.190% | 7,616.82 | 9.5 | 63.01 | 129 | 8,128.18 | 199,501.65 |
| 111787729 | 1156042605 | 160011701 | 177,352.21 | 03/27/06 | 06/01/06 | 05/01/06 | 103.190% | 5,657.54 | 9.875 | 48.65 | 339 | 16,491.91 | 608,732.40 |
| 111787673 | 1156042599 | 160011493 | 576,000.00 | 03/27/06 | 02/01/06 | 01/01/06 | 103.190% | 18,374.40 | 10.125 | 162.00 | 459 | 74,358.00 | 668,732.40 |
| 111787567 | 60070009 | 160012917 | 307,500.00 | 03/27/06 | 03/01/06 | 02/01/06 | 103.190% | 9,809.25 | 10.5 | 89.69 | 429 | 48,476.94 | 365,785.19 |
| 111902830 | 60070139 | 160013041 | 55,983.00 | 03/30/06 | 07/01/06 | 06/01/06 | 96.929% | (1,719.24) | 11.75 | 18.27 | 369 | 6,742.45 | 61,006.21 |
| 111902836 | 60070139 | 160013045 | 120,642.00 | 03/30/06 | 07/01/06 | 06/01/06 | 96.929% | (3,704.92) | 11.875 | 39.80 | 309 | 12,298.69 | 129,233.77 |
| 111902820 | 60070006 | 160012716 | 124,500.00 | 03/30/06 | 06/01/06 | 05/01/06 | 96.929% | (3,823.40) | 13.5 | 46.69 | 399 | 18,623.31 | 139,304.92 |
| | | | 13,041,488.54 | | | | | 322,567.26 | | 3,095.26 | | 730,059.78 | 14,094,135.57 |

**Exhibit B: Lancaster Premium Recapture**  10,613.41

| CUSIP | DBI Loan ID | Seller Loan ID | Principal | Price | PIF Date | Settle Date | Prepayment Penalty | Clause | Outstanding Balance |
|---|---|---|---|---|---|---|---|---|---|
| 111352001 | 111787604 | 150009342 | $508,000.00 | 103.1900 | 26-Jun-2006 | 27-Mar-2006 | $15,240.00 | Paidoff within 3 months of funding | $965.20 |
| 111352001 | 111787586 | 150012618 | $257,839.64 | 103.1900 | 28-Apr-2006 | 27-Mar-2006 | $2,938.32 | Paidoff within 3 mo of funding | $5,286.76 |
| 111377149 | 112555506 | 1001980874 | $211,464.00 | 102.0625 | 21-Sep-2006 | 12-Jul-2006 | $0.00 | Paidoff within 3 mo of funding | $4,361.45 |

$10,613.41

# EXHIBIT 3

**Deutsche Bank** ⟋

Steven Paolini
Vice President and Counsel
Phone: 212-250-0382
Fax: 212-797-4561
steven.paolini@db.com

Deutsche Bank AG New York
60 Wall Street
New York, NY 10005-2858

Tel 212 250 2500

January 11, 2007

*VIA OVERNIGHT COURIER*

Mr. James Pettit
Lancaster Mortgage Bankers, LLC
20 Independence Boulevard
Warren, New Jersey 07059

> Re:    Seller Loan Purchase Agreement dated as of March 24, 2006
> between DB Structured Products, Inc. ("DBSP") and Lancaster
> Mortgage Bankers, LLV ("Lancaster")

Dear Mr. Pettit:

DBSP hereby demands immediate payment of the amount of $9,186,234.83 (the "Repurchase Price") which is due and owing to DBSP by Lancaster in connection with the repurchase of each of the loans listed on Exhibit A attached hereto (the "Mortgage Loans"). Pursuant to Section 2(c) of (i) the letter agreement, dated March 1, 2006, between DBSP and Lancaster, (ii) the letter agreement, dated March 13, 2006, between DBSP and Lancaster, (iii) the letter agreement, dated June 21, 2006, between DBSP and Lancaster and (iv) the letter agreement, dated September 7, 2006, between DBSP and Lancaster (together, the "Commitment Letters"), Lancaster has agreed to "repurchase at the Repurchase Price . . . (i) any Mortgage Loans that fail to make the first, second or third scheduled monthly payment due on such Mortgage Loan or due to DBSP within the calendar month such payment is due . . . ." Each of the Mortgage Loans on Exhibit A have failed to make either their first, second or third scheduled monthly payment. To date, Lancaster has failed to pay this amount owed to DBSP, despite repeated attempts by DBSP to collect it.

The payoff quote listed on Exhibit A is as of January 19, 2007. Please wire the Repurchase Price to the following bank account no later than January 19, 2007.

| | |
|---|---|
| BANK: | BANK OF NEW YORK |
| ABA: | 021000018 |
| ACCT #: | GLA/111569 |
| ACCT NAME: | DPX |
| ATTN: | Ken Glover |
| RE: | Lancaster Repurchase |

**Deutsche Bank**

If you fail to remit payment by that date, please be advised that DBSP will commence formal legal action against Lancaster to recover the amounts owed without further notice.

Please call me at (212) 250-0382 should you have any questions or wish to discuss this matter. Thank you.

Very truly yours,

Steven Paolini

Enclosures

cc:    Mr. Anilesh Ahuja
       Mr. Michael Commaroto
       Mr. Jay F. Strauss
       Mr. Robert Lopena

EXHIBIT A: LANCASTER REPRUCHASE DEMAND

| Lancaster Repurchase C | 1/19/2007 |
|---|---|
| UPB: | 8,461,641.78 |
| Interest: | 486,908.42 |
| Premium | 226,671.22 |
| Repurchase Proceeds | 9,175,621.42 |
| Premium Recapture on I | 10,613.41 |
| | 9,186,234.83 |

| | | | | | Next due as of | Paid To Date | (does not include corp or escrow advances which will be due to servicer at transfer back to seller) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LMSID | | Wells # | SellerLoanID | UPB | Settle Date | 12/01/06 | | Settle Price | Premium | Int Rate | Per Diem | Days | Interest | Repurchase Proceeds |
| | 112555500 | 1158047329 | 302526534 | 340,000.00 | 07/12/06 | 8/1/2006 | 7/1/2006 | 102.0625% | 7,012.50 | 7.500 | 70.83 | 199 | 14,025.00 | 361,037.50 |
| | 111757572 | 1158044578 | 150011550 | 178,000.00 | 03/27/06 | 4/1/2006 | 3/1/2006 | 103.1930% | 5,814.40 | 9.000 | 44.50 | 318 | 13,992.00 | 195,606.40 |
| | 111787558 | 1158044386 | 150013241 | 96,000.00 | 03/27/06 | 5/1/2006 | 4/1/2006 | 103.1930% | 3,126.20 | 7.630 | 20.77 | 288 | 5,981.92 | 107,108.12 |
| | 111787619 | 1158044039 | 150012873 | 205,000.00 | 03/27/06 | 5/1/2006 | 4/1/2006 | 103.1930% | 9,442.40 | 9.250 | 76.04 | 288 | 21,904.00 | 327,345.40 |
| | 111767671 | 1158043660 | 150012716 | 290,500.00 | 03/27/06 | 4/1/2006 | 3/1/2006 | 103.1930% | 9,265.95 | 9.125 | 73.63 | 318 | 23,415.51 | 323,182.46 |
| | 111802361 | 1158043202 | 150010199 | 492,000.00 | 03/27/06 | 5/1/2006 | 4/1/2006 | 103.1900% | 15,694.80 | 8.630 | 117.94 | 288 | 33,967.68 | 541,662.48 |
| | 111787731 | 1158043143 | 150012916 | 224,000.00 | 03/27/06 | 5/1/2006 | 4/1/2006 | 103.1900% | 7,145.60 | 9.000 | 56.00 | 288 | 16,128.00 | 247,273.60 |
| | 111787732 | 1158042016 | 150009385 | 213,750.00 | 03/27/06 | 3/1/2006 | 2/1/2006 | 103.1900% | 6,818.63 | 8.625 | 51.21 | 348 | 17,821.41 | 238,390.03 |
| | 111787673 | 1158042605 | 150011701 | 576,000.00 | 03/27/06 | 2/1/2006 | 1/1/2006 | 103.1900% | 18,374.40 | 10.125 | 162.00 | 378 | 61,236.00 | 655,610.40 |
| | 111787687 | 1158042599 | 150011483 | 307,500.00 | 03/27/06 | 3/1/2006 | 2/1/2006 | 103.1900% | 9,803.25 | 10.500 | 89.69 | 348 | 31,211.25 | 348,520.50 |
| | 111787681 | 1158042995 | 150011268 | 263,200.00 | 03/27/06 | 2/1/2006 | 1/1/2006 | 103.1900% | 8,395.08 | 8.250 | 60.32 | 378 | 22,769.70 | 294,385.78 |
| | 111787673 | 1158043263 | 150012970 | 320,000.00 | 03/27/06 | 8/1/2006 | 7/1/2006 | 103.190% | 10,208.00 | 7.75 | 68.89 | 198 | 13,640.00 | 343,848.00 |
| | 111787597 | 1158043513 | 150013219 | 457,013.61 | 03/27/06 | 7/1/2006 | 6/1/2006 | 103.190% | 14,578.73 | 8.875 | 112.67 | 228 | 25,687.97 | 497,280.32 |
| | 111787621 | 1158043215 | 150011507 | 239,400.33 | 03/27/06 | 8/1/2006 | 7/1/2006 | 103.190% | 7,636.87 | 8.5 | 63.18 | 198 | 12,508.67 | 259,545.87 |
| | 111787651 | 1158044030 | 150012473 | 282,498.35 | 03/27/06 | 6/1/2006 | 5/1/2006 | 103.190% | 9,330.41 | 6.83 | 53.87 | 258 | 13,897.83 | 315,717.39 |
| | 111787658 | 1158043277 | 150010953 | 481,252.01 | 03/27/06 | 7/1/2006 | 6/1/2006 | 103.190% | 15,351.94 | 8.875 | 118.64 | 228 | 27,050.37 | 523,654.32 |
| | 111787724 | 1158043134 | 150011210 | 401,250.00 | 03/27/06 | 6/1/2006 | 5/1/2006 | 103.190% | 12,799.88 | 8.5 | 94.74 | 258 | 24,442.81 | 438,492.69 |
| | 111787729 | 1158044377 | 150012971 | 177,302.21 | 03/27/06 | 6/1/2006 | 5/1/2006 | 103.190% | 5,657.54 | 9.875 | 48.65 | 258 | 12,551.38 | 195,561.11 |
| | 111802700 | 80059825 | 150011550 | 43,982.57 | 03/30/05 | 5/1/2009 | 4/1/2006 | 96.929% | (1,350.70) | 10.5 | 12.83 | 288 | 3,694.54 | 46,326.40 |
| | 111902820 | 80070006 | 150012718 | 124,500.00 | 02/19/13 | 4/1/2006 | 3/1/2006 | 96.929% | (3,823.40) | 13.5 | 46.69 | 318 | 14,846.63 | 135,523.23 |
| | 111902820 | 80070089 | 150012917 | 55,583.08 | 03/30/05 | 5/1/2005 | 4/1/2006 | 96.929% | (1,718.24) | 11.75 | 18.27 | 288 | 5,262.41 | 59,526.23 |
| | 112555511 | 1158047284 | 302157696 | 573,750.00 | 07/12/06 | 9/1/2006 | 8/1/2006 | 102.063% | 11,833.59 | 7.25 | 115.55 | 168 | 19,411.88 | 604,995.47 |
| | 112555566 | 1158047298 | 302506724 | 130,638.55 | 07/12/06 | 9/1/2006 | 8/1/2006 | 102.063% | 2,692.36 | 9.875 | 35.81 | 168 | 6,015.65 | 139,346.57 |
| | 112555503 | 355512210 | 302615171 | 178,249.21 | 07/12/06 | 10/01/06 | 10/1/2006 | 102.063% | 3,635.14 | 6.875 | 33.66 | 103 | 3,635.14 | 183,519.49 |
| | 113075675 | 359337376 | 302995701 | 471,735.39 | 09/13/06 | 10/01/06 | 10/12/2006 | 102.299% | 10,845.20 | 8.875 | 116.30 | 103 | 12,559.65 | 495,140.54 |
| | 113075666 | 359337403 | 302671066 | 339,335.48 | 09/13/06 | 10/01/06 | 10/1/2006 | 102.299% | 7,802.70 | 7.75 | 73.05 | 103 | 7,893.94 | 355,089.13 |
| | 113075687 | 359537356 | 302855540 | 360,000.00 | 09/13/06 | 10/01/05 | 10/12/2006 | 102.299% | 8,276.40 | 7.75 | 77.50 | 103 | 8,370.00 | 376,646.40 |
| | 113075689 | 355337350 | 302922319 | 540,000.00 | 09/13/06 | 10/01/06 | 10/1/2006 | 102.299% | 12,414.60 | 8.00 | 120.00 | 108 | 12,960.00 | 565,374.60 |
| | | | | 8,461,641.78 | | | | | 226,671.22 | | | | 486,908.42 | 9,175,621.42 |

**Premium Recapture**          10,613.41

| CUSIP | db Loan # | Seller Loa | Borrower N | Principal | Price | PIF Date | Settle Dat | Prepayment Penalty | Clause | Outstanding Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 11135200 | 11178760 | 150009341 | GUTIERRE | $508,000.00 | 103.1900 | 28-Jun-20 | 27-Mar-20 | $15,240.00 | Paidoff within 3 months of funding | $965.20 |
| 11135200 | 11178758 | 150012611 | ESTEVES, | $257,639.64 | 103.1900 | 28-Apr-20 | 27-Mar-20 | $2,938.32 | Paidoff within 3 mo of funding | $5,286.76 |
| 11137714 | 11255550 | 100198081 | RODRIGUE | $211,464.00 | 102.0625 | 21-Sep-20 | 12-Jul-200 | $0.00 | Paidoff within 3 mo of funding | $4,361.45 |

$10,613.41

# EXHIBIT 4



Thacher Proffitt & Wood LLP
Two World Financial Center
New York, NY 10281
212.912.7400

Fax: 212.912.7751
www.tpw.com

April 26, 2007

BY FEDERAL EXPRESS AND CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Lancaster Mortgage Bankers, LLC
Attn: Mr. James Petit
20 Independence Boulevard
Warren, New Jersey 07059

Re:    Seller Loan Purchase Agreement dated as of March 24, 2006, as
       amended, between DB Structured Products, Inc. and Lancaster
       Mortgage Bankers, LLC ("Lancaster")

Dear Mr. Petit:

Our firm has been retained as litigation counsel by DB Structured Products, Inc. ("DBSP") in connection with the Seller Loan Purchase Agreement dated as of March 24, 2006, as amended ("Agreement") between DBSP and Lancaster, and in connection with certain letter agreements between DBSP and Lancaster (the "Commitment Letters," and together with the Agreement, the "Agreements"). Capitalized terms used herein and not defined have the meanings set forth in the Agreements.

DBSP hereby demands immediate payment of the amount of $14,104,748.98 which is due and owing to DBSP by Lancaster in connection with Lancaster's obligation to repurchase and reimburse DBSP with regard to the mortgage loans listed on Exhibits A and B attached hereto (the "Mortgage Loans") pursuant to the Agreements and the Deutsche Bank Correspondent Lending Seller Guide ("Seller Guide"). The Mortgage Loans are in early payment default and/or subject to premium recapture, as specifically set forth in the Commitment Letters and Seller Guide, as shown on Exhibits A and B.

Please remit $14,104,748.98 by wire transfer to the following bank account no later than May 10, 2007:

|  |  |
|---|---|
| Bank: | Bank of New York |
| ABA: | 021000018 |
| Acct. #: | GLA/111569 |
| Acct. Name: | DPX |
| Attn.: | Ken Glover |
| Re: | Lancaster Repurchase |

Mr. James Petit                                                          Page 2.
April 26, 2007

If you fail to remit $14,104,748.98 by that date, please be advised that DBSP will commence formal legal action against Lancaster to recover the amounts owed without further notice.

Nothing contained in this letter shall constitute a waiver of any of DBSP's rights or remedies under the Agreements, the Seller Guide, at law or in equity. Nor shall this letter be construed as a waiver of any Event of Default by Lancaster under the Agreements or the Seller Guide.

Please call me or Steven Paolini, Esq., Vice President and Counsel, Deutsche Bank AG, at (212) 250-0382 should you have any questions or wish to discuss this matter.

Very truly yours,

John P. Doherty

cc:     Steven Paolini, Esq.


Encl.

EXHIBIT A: Lancaster Repurchase Demand

| | |
|---|---|
| Repurchase Demand To: | 4/10/2007 |
| UPB: | 13,041,488.54 |
| Interest: | 730,059.78 |
| Purchase Premium: | 322,667.26 |
| Repurchase Proceeds: | 14,094,135.57 |
| Premium Recapture on PIF: | 10,613.41 |
| | 14,104,748.98 |

Per Diem Based upon Current Values    3,095.26

| LMSID | Wells #s | SellerLoanID | UPB | Settle Date | Next Due Date | Paid To Date | Price | Premium | Int Rate | Per Diem | Days | Interest | Repurchase Proceeds |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 111902796 | 80059826 | 150011560 | 43,982.00 | 03/30/06 | 05/01/06 | 04/01/06 | 96.929% | (1,350.69) | 10.5 | 12.83 | 369 | 4,733.56 | 47,364.88 |
| 112565556 | 1150047298 | 302696724 | 130,538.56 | 07/12/06 | 09/01/06 | 08/01/06 | 102.063% | 2,692.36 | 9.875 | 35.81 | 249 | 8,916.06 | 142,146.97 |
| 112655540 | 1150047329 | 302626634 | 340,000.00 | 07/12/06 | 08/01/06 | 07/01/06 | 102.063% | 7,012.60 | 7.5 | 70.83 | 279 | 19,762.50 | 366,775.00 |
| 112655511 | 1150047284 | 302467596 | 573,750.00 | 07/12/06 | 03/01/07 | 02/01/07 | 102.063% | 11,833.59 | 7.25 | 115.55 | 69 | 7,972.73 | 593,556.33 |
| 117670611 | 1150044030 | 150012473 | 292,499.35 | 03/27/06 | 05/01/06 | 05/01/06 | 103.190% | 9,330.41 | 6.63 | 53.87 | 339 | 18,260.84 | 320,080.60 |
| 112850503 | 1150051777 | 302456177 | 176,249.00 | 07/12/06 | 03/01/07 | 02/01/07 | 102.063% | 3,635.14 | 6.875 | 33.66 | 69 | 2,322.45 | 182,206.58 |
| 112652127 | 1150050050 | 302522257 | 162,584.47 | 09/13/06 | 03/01/07 | 02/01/07 | 102.299% | 3,737.82 | | 31.61 | 69 | 2,181.34 | 168,503.63 |
| 112662127 | 1150059086 | 302848990 | 129,375.23 | 09/28/06 | 01/01/07 | 12/01/06 | 102.405% | 3,111.47 | 7.625 | 27.40 | 129 | 3,534.91 | 136,021.61 |
| 113302591 | 1150047303 | 302519361 | 216,376.83 | 07/12/06 | 03/01/07 | 02/01/07 | 102.063% | 4,462.77 | 7.625 | 45.83 | 69 | 3,162.26 | 224,001.86 |
| 113302585 | 1150505050 | 302270770 | 359,847.78 | 09/28/06 | 02/01/07 | 01/01/07 | 102.405% | 8,632.69 | 7.625 | 76.03 | 369 | 7,664.34 | 375,107.16 |
| 113302585 | 1150044366 | 150013241 | 98,000.00 | 05/01/06 | 05/01/06 | 04/01/06 | 103.190% | 3,126.20 | 7.53 | 20.77 | 369 | 7,664.34 | 100,790.54 |
| 113075696 | 359337403 | 302671066 | 338,863.00 | 09/13/06 | 03/01/07 | 02/01/07 | 102.299% | 7,790.46 | 7.75 | 72.95 | 219 | 5,033.53 | 361,686.99 |
| 113075697 | 359337356 | 302485640 | 249,000.00 | 09/13/06 | 10/01/06 | 09/01/06 | 102.299% | 8,276.40 | 7.75 | 72.56 | 69 | 16,972.50 | 266,025.21 |
| 113991602 | 359399198 | 302871454 | 360,000.00 | 09/13/06 | 11/01/06 | 10/01/06 | 102.056% | 5,123.55 | 7.75 | 53.65 | 69 | 3,701.66 | 349,428.00 |
| 113787573 | 1150043263 | 150012509 | 320,000.00 | 03/27/06 | 07/01/06 | 07/01/06 | 103.190% | 10,208.00 | 7.75 | 68.89 | 279 | 19,220.00 | 410,024.41 |
| 113073970 | 359399866 | 302704494 | 395,850.00 | 09/13/06 | 03/01/07 | 02/01/07 | 102.055% | 8,649.59 | 7.876 | 85.14 | 69 | 5,874.82 | 422,724.71 |
| 113991607 | 359399189 | 303285669 | 243,750.00 | 09/13/06 | 03/01/07 | 02/01/07 | 102.187% | 5,012.14 | 7.876 | 53.33 | 69 | 3,679.57 | 333,643.09 |
| 113073948 | 1150059876 | 302443669 | 321,750.00 | 12/11/06 | 10/01/06 | 09/01/06 | 102.299% | 7,036.67 | 7.875 | 70.38 | 69 | 4,856.41 | 576,854.60 |
| 113075609 | 359337602 | 302929319 | 540,000.00 | 09/13/06 | 10/01/06 | 09/01/06 | 102.299% | 12,414.60 | 8 | 120.00 | 219 | 26,280.00 | 530,061.27 |
| 113991610 | 359399187 | 303277762 | 482,385.86 | 12/11/06 | 02/01/07 | 01/01/07 | 103.190% | 9,917.44 | 8.125 | 100.87 | 199 | 10,777.86 | 295,211.43 |
| 113787561 | 1150042595 | 150011298 | 263,200.00 | 03/27/06 | 02/01/06 | 01/01/06 | 102.187% | 8,396.08 | 8.26 | 60.32 | 469 | 27,685.35 | 283,307.43 |
| 113073990 | 1150059820 | 302856066 | 271,299.02 | 09/13/06 | 01/01/07 | 01/01/07 | 102.187% | 5,355.39 | 8.26 | 62.17 | 69 | 6,155.10 | 280,935.90 |
| 113073975 | 1150059521 | 302712067 | 244,873.72 | 09/13/06 | 11/01/06 | 10/01/06 | 102.187% | 5,933.31 | 8.375 | 56.97 | 69 | 2,375.75 | 81,979.43 |
| 113991604 | 359399191 | 303232229 | 78,000.00 | 03/27/06 | 05/01/06 | 05/01/06 | 103.190% | 1,603.68 | 8.5 | 18.42 | 129 | 2,375.75 | 446,166.59 |
| 117787724 | 1150043134 | 150011219 | 401,250.00 | 03/27/06 | 03/01/06 | 02/01/06 | 103.190% | 12,799.88 | 8.5 | 94.74 | 339 | 32,116.72 | 242,538.12 |
| 117787732 | 1150042616 | 150009395 | 213,750.00 | 03/27/06 | 03/01/06 | 06/01/06 | 103.190% | 6,818.63 | 8.625 | 51.21 | 429 | 21,969.49 | 77,971.18 |
| 117787723 | 1150043177 | 150012971 | 70,500.00 | 03/27/06 | 07/01/06 | 06/01/06 | 103.190% | 2,248.95 | 8.63 | 16.90 | 309 | 5,222.23 | 561,215.89 |
| 117802361 | 1150043202 | 150010198 | 492,000.00 | 03/27/06 | 06/01/06 | 04/01/06 | 102.299% | 16,694.80 | 8.63 | 117.94 | 369 | 43,521.09 | 492,964.38 |
| 117870615 | 359337376 | 302695701 | 470,657.00 | 03/27/06 | 02/01/07 | 01/01/07 | 103.190% | 10,820.40 | 8.875 | 116.03 | 99 | 11,486.97 | 156,240.15 |
| 117787707 | 1150043232 | 150013219 | 141,869.25 | 09/13/06 | 06/01/07 | 05/01/07 | 103.190% | 14,578.73 | 8.875 | 34.97 | 339 | 11,865.59 | 506,406.31 |
| 117787707 | 1150043615 | 150013219 | 457,013.61 | 03/27/06 | 07/01/06 | 06/01/06 | 103.190% | 14,578.73 | 8.875 | 112.67 | 309 | 34,913.96 | 533,264.32 |
| 117787858 | 1150043277 | 150010953 | 481,252.01 | 03/27/06 | 07/01/06 | 06/01/06 | 103.190% | 15,351.94 | 8.875 | 112.64 | 309 | 36,660.37 | 199,170.40 |
| 117787672 | 1150044579 | 150011556 | 176,000.00 | 03/27/06 | 07/01/06 | 06/01/06 | 103.190% | 5,614.40 | 9 | 44.00 | 369 | 17,556.00 | 251,609.60 |
| 117787731 | 1150043143 | 150012916 | 224,000.00 | 03/27/06 | 05/01/06 | 04/01/06 | 102.405% | 6,600.21 | 9 | 56.00 | 369 | 20,664.00 | 286,771.29 |
| 113302605 | 1150059936 | 302694499 | 274,437.04 | 09/26/06 | 03/01/07 | 02/01/07 | 102.405% | 9,266.95 | 9.125 | 73.63 | 399 | 29,379.84 | 329,146.79 |
| 117787671 | 1150043660 | 150012716 | 290,500.00 | 03/27/06 | 04/01/06 | 03/01/06 | 103.190% | 9,442.40 | 9.25 | 76.06 | 399 | 28,064.50 | 333,506.90 |
| 117787619 | 1150044039 | 150012873 | 296,000.00 | 09/13/06 | 05/01/06 | 04/01/06 | 103.190% | 11,013.62 | 9.25 | 129.40 | 129 | 16,692.07 | 531,300.54 |
| 113073959 | 1150069902 | 302671198 | 503,594.85 | 09/13/06 | 03/01/07 | 12/01/06 | 102.187% | 6,613.41 | 9.5 | 63.60 | 129 | 10,784.40 | 334,097.81 |
| 113991616 | 359399200 | 303301603 | 316,800.00 | 12/11/06 | 12/01/06 | 06/01/06 | 103.190% | 5,657.54 | 9.5 | 83.01 | 129 | 8,128.18 | 254,516.65 |
| 117787729 | 1150044377 | 150012071 | 177,352.21 | 03/27/06 | 08/01/06 | 05/01/06 | 103.190% | 16,374.40 | 10.125 | 162.00 | 459 | 74,350.00 | 668,732.40 |
| 117787673 | 1150042605 | 150011701 | 576,000.00 | 03/27/06 | 02/01/06 | 01/01/06 | 103.190% | 9,809.25 | 10.5 | 89.69 | 429 | 38,476.94 | 355,785.19 |
| 117787667 | 1150042569 | 150011483 | 307,500.00 | 09/13/06 | 05/01/06 | 02/01/06 | 96.929% | (1,719.24) | 10.5 | 18.27 | 369 | 6,742.45 | 61,006.21 |
| 111902830 | 80070089 | 150012917 | 55,983.00 | 03/30/06 | 05/01/06 | 04/01/06 | 96.929% | (1,719.24) | 11.75 | 18.27 | 369 | 6,742.45 | 61,006.21 |
| 111902836 | 80070139 | 150013045 | 120,642.00 | 03/30/06 | 07/01/06 | 07/01/06 | 96.929% | (3,704.92) | 11.875 | 39.80 | 309 | 12,296.69 | 129,233.77 |
| 111902820 | 80070006 | 150012716 | 124,500.00 | 03/30/06 | 04/01/06 | 04/01/06 | 96.929% | (3,823.40) | 13.5 | 46.69 | 399 | 18,628.31 | 139,304.24 |
| | | | 13,041,488.54 | | | | | 322,667.26 | | 3,095.26 | | 730,059.78 | 14,094,135.57 |

(does not include corp or escrow advances which will be due to servicer at transfer back to seller)

Exhibit B: Lancaster Premium Recapture          10,613.41

| CUSIP | DBI Loan ID | Seller Loan ID | Principal | Price | Pif Date | Settle Date | Prepayment Penalty | Clause | Outstanding Balance |
|-------|-------------|----------------|-----------|-------|----------|-------------|--------------------|--------|---------------------|
| 111352001 | 111787604 | 150009342 | $508,000.00 | 103.1900 | 26-Jun-2006 | 27-Mar-2006 | $16,240.00 | Paidoff within 3 months of funding | $965.20 |
| 111352001 | 111787586 | 150012618 | $257,839.64 | 103.1900 | 28-Apr-2006 | 27-Mar-2006 | $2,938.32 | Paidoff within 3 mo of funding | $5,286.76 |
| 111377149 | 112555506 | 1001980874 | $211,464.00 | 102.0625 | 21-Sep-2006 | 12-Jul-2006 | $0.00 | Paidoff within 3 mo of funding | $4,361.45 |

$10,613.41